Filed 12/30/13  P. v. Vargas-Barragan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072255 |
| v. | (Super. Ct. No. S11CRF0190) |
| FLORENTINO VARGAS-BARRAGAN, | |
| Defendant and Appellant. | |

Defendant Florentino Vargas-Barragan pled no contest to possession of cocaine for sale (Health & Saf. Code, § 11351) and admitted two prior drug convictions (Health & Saf. Code, § 11370.2, subd. (b)) and a prior serious felony conviction (Pen. Code,[1] §§ 667, subds. (b)-(i), 1170.12).  In exchange, three related counts were dismissed. Defendant was sentenced to state prison for 10 years, consisting of twice the low term of two years plus six years for the prior drug convictions.  He was ordered to pay, among other things, a $195 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a))

---

[1]     Undesignated statutory references are to the Penal Code.

1

and a $585 drug program fee (Health & Saf. Code, § 11372.7). The trial court expressly found defendant has the ability to pay the $460 cost of the probation report. (§ 1203.1b.)

Defendant contends, and the People concede, the laboratory analysis fee and drug program fee must be modified to reflect the DNA penalty assessments in effect at the time of his offense. Defendant next contends the abstract of judgment must be amended to clarify that no theft fine (§ 1202.5) was imposed in this case. Finally, defendant contends the trial court's finding he had the ability to pay for the costs of the probation report is not supported by substantial evidence. We conclude that: (1) the laboratory analysis and drug program fees must be reduced to reflect the DNA penalty assessments in effect when defendant committed his crime; (2) the abstract of judgment can be amended to clarify that no theft fine was imposed; and (3) defendant has forfeited his last contention by failing to object to the trial court's imposition of the probation report fee. As amended, the judgment is affirmed.

## FACTS

The facts of defendant's offense are not at issue and need not be set forth in this opinion.

## DISCUSSION

### I

#### *DNA Penalty Assessments*

Defendant contends, and the People concede, the $195 laboratory analysis fee and $585 drug program fee must be reduced to reflect the penalty assessments in effect at the time of the offense. We agree.

The trial court orally pronounced both fees but did not itemize their components. Instead, the itemization appears in a "Prison Fine Breakdown" appended to the abstract of judgment. The itemization shows the $150 base drug program fee is enhanced by two separate "State DNA" enhancements of $30, pursuant to Government Code section 76104.7. Similarly, the $50 base laboratory analysis fee is enhanced by two separate

2

"State DNA" enhancements of $10, pursuant to Government Code section 76104.7, subdivision (a).

The state DNA collection fee is a penalty assessment. (*People v. Batman* (2008) 159 Cal.App.4th 587, 590-592.) Penalty assessments cannot be imposed in violation of ex post facto laws. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1374; *Batman, supra*, at p. 590.) Thus, the amount of a penalty assessment is determined as of the date of the offense.

Government Code section 76104.7, subdivision (a), was enacted in 2006. (Stats. 2006, ch. 69, § 18.) It was amended effective June 10, 2010, to increase the amount of the fee to $3 for every $10, or part of $10, of the base fee. (Stats. 2009-2010, 8th Ex. Sess., ch. 3X, § 1.) The statute was amended again effective June 27, 2012, to increase the amount of the fee to $4 for every $10, or part of $10, of the base fee. (Stats. 2012, ch. 32, § 25.)

Defendant's crime was committed in August 2011. Thus, the trial court should have calculated the DNA fees pursuant to the June 10, 2010, version of the statute. Moreover, because the statute imposes a single penalty assessment upon the drug program fee and a single penalty assessment upon the laboratory analysis fee, the "Prison Fine Breakdown" should not have listed more than one "State DNA" assessment upon each fee.

Thus, we modify the laboratory analysis fee to include a single DNA penalty assessment in the amount of $45. We modify the drug program fee to include a single DNA penalty assessment in the amount of $15. This yields an aggregate drug program fee of $570 and an aggregate laboratory analysis fee of $190.

## II

### *Correction of Abstract of Judgment*

The parties agree the trial court did not impose a theft fine (§ 1202.5) in this case. Defendant argues part 9c of the abstract of judgment mistakenly reflects a theft fine in the

3

amount of $780. The People respond that the $780 figure is not a theft fine; rather, it is the sum of the $585 drug program fee and $195 laboratory analysis fee reflected on the following line of the document.

Because we have modified the amounts of the laboratory analysis fee and drug program fee, the trial court is directed to prepare an amended abstract of judgment. We suggest the trial court can avoid any confusion by striking the inapplicable words "per PC 1202.5" following the listing of the total fine amount.

### III

### *Ability to Pay for Probation Report*

Defendant contends the order to pay $460 for the costs of the probation report must be reversed because the record contains no evidence he has the ability to pay that amount or that the order reflects the reasonable cost of the report.

The People respond that defendant forfeited the contention by failing to raise it in the trial court. We agree.

Defendant claims he is entitled to challenge the sufficiency of evidence of ability to pay for the first time on appeal. (Citing *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1400.) However, by failing to object to the trial court's imposition of the probation report fee, defendant has forfeited the ability to challenge the sufficiency of the evidence to support this fee on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 591 [a defendant who fails to contest the booking fee when the trial court imposes it forfeits the right to challenge the sufficiency of the evidence to support the fee], disapproving of *People v. Pacheco, supra,* 187 Cal.App.4th 1392 [holding a defendant's failure to object to imposition of a booking fee does not forfeit an appellate challenge based on insufficiency of the evidence].)

### DISPOSITION

The judgment is modified to impose a $570 drug program fee and a $190 laboratory analysis fee. As so modified, the judgment is affirmed. The trial court is

directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                                                    HOCH    , J.


We concur:


             BLEASE     , Acting P. J.


             MAURO     , J.