[No. G045445. Fourth Dist., Div. Three. Dec. 23, 2011.]

STEPHEN PAYTON, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Deborah A. Kwast, Public Defender, Denise Gragg, Assistant Public Defender, and Matthew Missakian, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Meredith S. White, Deputy Attorney General; Tony Rackauckas, District Attorney, and Brian Fitzpatrick, Deputy District Attorney, for Real Party in Interest.

## OPINION

**THE COURT.**[*]—Stephen Payton petitions this court for an increased award of custody credits which would have reduced his 90-day jail sentence to 46 days and allowed for a release date of June 22, 2011, instead of his actual

---

[*]Rylaarsdam, Acting P. J., Aronson, J., and Ikola, J.

release date of July 7, 2011.[1] Payton pleaded guilty to a Health and Safety Code violation in May 2008, for a crime committed in January 2008, and was sentenced to three years of probation.

On May 17, 2011, he admitted a violation of his probation and was sentenced to 90 days in the Orange County jail. He was awarded 10 days of actual credit and four days of conduct credit. Payton contends he should have been awarded day-for-day conduct credits under the January 25, 2010, amendment to Penal Code section 4019.[2] The trial court denied Payton the additional conduct credits because his crime was committed before the effective date of the amendment. The district attorney argues section 4019 should be applied prospectively. The Attorney General concedes the trial court's denial of additional conduct credits was error and Payton is entitled to the additional conduct credits. We agree with the Attorney General's position. The petition is granted.

## FACTS

On May 13, 2008, Stephen Payton pleaded guilty to one count of possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). The date of the violation was January 26, 2008. Payton was sentenced to three years' formal probation. On April 28, 2011, the Orange County Probation Department prepared a petition for arraignment on probation violation. On May 17, 2011, Payton admitted a violation of probation and was sentenced to 90 days in jail. Payton was awarded 10 days of actual credit and four days of conduct credit for a total of 14 days of credit.

On June 28, 2011, Payton's motion to receive day-for-day credit under Penal Code section 4019 was heard and denied by the superior court. "The court believes that the controlling date is the date of the violation—the date of violation being January the 26th of 2008—and that the credits were appropriately given." Payton filed a petition for a writ of habeas corpus on June 29, 2011, and was released from the custody of the Orange County jail on July 7, 2011.

This court filed an order inviting real parties in interest to file an informal response and advising the parties that the court was considering issuance of a peremptory writ in the first instance, citing *Palma v. U.S. Industrial Fasteners,*

---

[1] "Conduct credit" collectively refers to worktime credit pursuant to Penal Code section 4019, subdivision (b), and to good behavior credit pursuant to Penal Code section 4019, subdivision (c). (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3 [95 Cal.Rptr.3d 408, 209 P.3d 623].)

[2] Further undesignated section references are to the Penal Code.

*Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].) In response to this court's invitation, both the Attorney General and the district attorney filed informal responses.

## DISCUSSION

Before January 25, 2010, former subdivisions (b) and (c) of section 4019 provided that "for each six-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from [the] period of confinement . . ." for performing assigned labor and one day is deducted from the period of confinement for satisfactorily complying with the rules and regulations of the facility. Subdivision (f) provided that "if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody." (Former § 4019, subd. (f), as amended by Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)

Amended section 4019 was effective for the narrow eight-month period from January 25, 2010, to September 27, 2010. The amendment provided: "for each four-day period in which a prisoner is confined in or committed to a facility as specified in this section, one day shall be deducted from his or her period of confinement . . ." for satisfactorily performing assigned labor and for satisfactorily complying with the reasonable rules and regulations. (Former § 4019, subds. (b)(1), (c)(1), as amended by Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.) Subdivision (f) provided that "if all days are earned under this section, a term of four days will be deemed to have been served for every two days spent in actual custody . . . ." (Former § 4019, subd. (f), as amended by Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.)

In September 2010, section 4019 was amended again, but that amendment has no bearing on Payton's presentence conduct credits.[3]

The district attorney acknowledges "applying the increased conduct credits retroactively would reduce inmate populations and conserve resources more quickly" but maintains the Legislature may have also "determined a prospective application better balanced public safety concerns and the need to conserve resources." In that regard, the district attorney contends an amendment to the Penal Code is presumed to operate prospectively unless expressly stated otherwise by the Legislature, citing section 3. Under section 3, "[n]o

---

[3] The September 2010 amendment restored the presentence conduct credit calculation set forth in the version of section 4019 in effect before the January 25, 2010, amendment. By its express terms newly created subdivision (g) of section 4019 declared the September 2010 amendment applied only to prisoners confined for a crime committed on or after the effective date of that amendment. (§ 4019, subd. (g).)

part of [the Penal Code] is retroactive, unless expressly so declared." However, section 3 is not absolute.

■ "We have previously construed the statute to mean '[a] new statute is generally presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise. [Citation.]' [Citation.] [¶] As its own language makes clear, section 3 is not intended to be a 'straitjacket.' 'Where the Legislature has not set forth in so many words what it intended, the rule of construction should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent. It is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent.' (*In re Estrada* (1965) 63 Cal.2d 740, 746 [48 Cal.Rptr. 172, 408 P.2d 948].)" (*People v. Alford* (2007) 42 Cal.4th 749, 753–754 [68 Cal.Rptr.3d 310, 171 P.3d 32].)

Senate Bill No. 3X 18 (2009–2010 3d Ex. Sess.), which enacted the January 2010 amendment, "addresses the fiscal emergency declared by the Governor by proclamation on December 19, 2008." (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 62.) Its provisions provide various means by which prison populations may be reduced, thereby easing prison overcrowding and lowering cost. Prior to the effective date of Senate Bill No. 18, section 4019 provided incentive for good behavior. As Payton points out, "[t]o limit application of the amendment to future crimes would have delayed and reduced the cost-cutting goal of the Bill."

The Attorney General explains the "legislative intent in awarding or increasing credit for good conduct is to encourage good behavior and work performance by inmates in custody. Such good behavior and work performance helps to maintain the security and safety of local custody facilities. [¶] For these reasons, inmates are entitled to the conduct credits which are in effect at the time their custody is served. Because all of petitioner's custody time was served after the effective date of the amendment, he is entitled to the credits which could have served as the incentive for his good behavior. Accordingly, he is entitled to six additional days of conduct credits for his pre-sentence custody time. He should also have been earning conduct credits at this rate over the course of his 90-day period of custody."

The Attorney General concludes had Payton been earning custody credits at the appropriate rate, he would have been eligible for release after 36 days in custody, or on June 22, 2011. His release date of July 7, 2011, was 15 days over his actual commitment time. The Attorney General points out the issue is not moot, because the 15 days of custody Payton served above what he should have served may be applied toward his fines and fees. (§ 2900.5, subd. (a).)

██ Therefore, we conclude Payton is entitled to the additional conduct credits provided by amended section 4019.

## DISPOSITION

For the reasons stated above, the court treats the petition for a writ of habeas corpus as a petition for a writ of mandate. Having given the parties notice under *Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d 171, 180, the petition for a writ of mandate is granted. On remand, the superior court shall recalculate Payton's presentence conduct credit pursuant to the January 25, 2010, version of section 4019.

On January 20, 2012, the opinion was modified to read as printed above.