Filed 4/10/13  P. v. Gilmore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071011 |
| v. | (Super. Ct. Nos. 10F4225 & 11F352) |
| ISHMAEL SARAFUM GILMORE, | |
| Defendant and Appellant. | |

In separate cases, defendant Ishmael Sarafum Gilmore pleaded no contest to possession of a controlled substance (methamphetamine) and receiving stolen property. The trial court sentenced defendant to an aggregate state prison term of four years eight months, but suspended execution of sentence and placed defendant on formal probation for five years under various terms and conditions, including imposition of various fines and fees.  When defendant violated probation, the trial court executed the previously imposed sentence and ordered defendant to pay all outstanding fines and fees, but ordered

1

defendant to serve the four years eight months in county jail and awarded presentence credit.

Defendant now contends (1) two DNA penalty assessments imposed pursuant to Government Code section 76104.7 must be reduced to the amounts authorized by the statute at the time the crimes were committed, and (2) he is entitled to four additional days of presentence conduct credit.   The People agree with defendant's contentions, and so do we.

We will modify the judgment and affirm the judgment as modified.

BACKGROUND

In trial court case No. 10F4225, defendant pleaded no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377).  Moreover, in trial court case No. 11F352, defendant pleaded no contest to receiving stolen property and admitted serving a prior prison term.

The trial court sentenced defendant to an aggregate state prison term of four years eight months, but suspended execution of sentence and placed defendant on formal probation for five years under various terms and conditions, including imposition of various fines and fees.  Among the fines imposed were two DNA penalty assessments pursuant to Government Code section 76104.7:  a $60 assessment imposed upon a $200 base fine, and a $15 assessment imposed upon a $50 lab analysis fee.

Defendant subsequently admitted violating the terms of his probation.  The trial court revoked probation, executed the previously imposed sentence, but ordered defendant to serve four years eight months in county jail and awarded presentence credit totaling 135 days (91 actual days and 44 conduct days).

DISCUSSION

I

Defendant contends the $60 and $15 DNA penalty assessments imposed pursuant to Government Code section 76104.7 must be reduced to the amounts authorized by the statute at the time the crimes were committed.

At the time of the offense on June 8, 2010, Government Code section 76104.7 provided for the imposition of an additional DNA penalty assessment "of one dollar ($1) for every ten dollars ($10), or part of ten dollars ($10)," in each county upon every fine, penalty, or forfeiture imposed. (Gov. Code, § 76104.7, subd. (a); Stats. 2006, ch. 69, § 18, effective July 12, 2006; amended Stats. 2007, ch. 302, § 8, effective January 1, 2008.)

Effective June 10, 2010, the Legislature amended Government Code section 76104.7 to increase the additional DNA penalty assessment from one to three dollars for every ten dollars imposed. (Stats. 2009-2010, 8th Ex. Sess., ch. 3, § 1.)

When the trial court imposed the DNA penalty assessments at sentencing, it assessed defendant the three dollars per ten dollars in fines authorized on June 10, 2010, even though defendant committed the crime two days earlier, on June 8, 2010.

In *People v. Batman* (2008) 159 Cal.App.4th 587, this court struck a different DNA penalty assessment authorized by Government Code section 76104.6 because the defendant in that case committed the qualifying offense prior to the effective date of the statute. (*Batman, supra,* 159 Cal.App.4th at p. 591.) This court held the DNA penalty assessment was a punitive ex post facto law with respect to offenses committed prior to its effective date. (*Ibid*.) Here, the Attorney General agrees Government Code section 76104.7 is "substantially similar" to Government Code section 76104.6.

We agree with the parties that the $60 and $15 DNA penalty assessments imposed pursuant to Government Code section 76104.7 must be reduced to $20 and $5 respectively. (See *People v. Smith* (2001) 24 Cal.4th 849, 854 [an unauthorized sentence

3

may be corrected at any time, regardless of there being an objection in the trial court]; *People v. Zito* (1992) 8 Cal.App.4th 736, 740, 742 [an unauthorized fine constitutes an unauthorized sentence].)

II

Defendant also claims he is entitled to four additional days of presentence conduct credit.

At the time of sentencing, the trial court awarded defendant a total of 126 days of presentence credit in both cases, consisting of 84 actual days and 42 conduct days. After sentencing, defendant asked the trial court to award him an additional six days of actual credit and an additional six days of conduct credit. The trial court awarded defendant seven additional days of actual credit,[1] but only two additional days of conduct credit.

Effective January 25, 2010, Penal Code section 4019 was amended to grant some prisoners two days of conduct credit for every two days spent in custody. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48; Pen. Code, former § 4019, subds. (b)(1), (c)(1), (f); Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50.) Effective September 28, 2010, the statute was amended to restore a less generous one-for-two formula as to all prisoners (Stats. 2010, ch. 426, § 2) but, by its terms, the amendment applies only to offenses committed after its adoption. (Pen. Code, § 4019, subd. (g), see *People v. Rajanayagam, supra,* 211 Cal.App.4th at p. 48.) This created a window of approximately eight months that would continue to be governed by the January 2010 version of the statute. Defendant committed his crime during that window. (Cf. *Payton v. Superior Court* (2011) 202 Cal.App.4th 1187, 1192.) Accordingly, we agree with the parties that defendant is entitled to an additional four days of presentence conduct credit.

---

[1] The trial court added one more day because defendant was sentenced one day later than anticipated in the probation report.

4

## DISPOSITION

The judgment is modified to reduce the DNA penalty assessments imposed pursuant to Government Code section 76104.7 from $60 to $20, and from $15 to $5. The judgment is further modified to award defendant 91 days of actual credit and 48 days of conduct credit, for a total of 139 days of presentence credit. As so modified, the judgment is affirmed.


                                                              MAURO            , J.


We concur:


         RAYE         , P. J.


         HULL         , J.