Filed 6/4/13  P. v. Johnson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C070920 |
| Plaintiff and Respondent, | (Super. Ct. No. CM034377) |
| v. |  |
| ROBERT CHARLES JOHNSON, |  |
| Defendant and Appellant. |  |

In August 2011 defendant Robert Charles Johnson pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted he had served four prior prison terms (Pen. Code, § 667.5, subd. (b)).  A strike allegation (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) was stricken on the prosecutor's motion.[1]

In September 2011 defendant was sentenced to state prison for seven years. Execution of sentence was suspended and defendant was placed on probation for three years on the following conditions, among others:  that he serve a period of incarceration and complete a one-year residential treatment program.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

In December 2011 a petition was filed alleging defendant violated his probation by committing a robbery. (§ 211.) In February 2012 he pleaded no contest to misdemeanor battery (§ 242), and the trial court found him in violation of his probation. Probation was revoked and execution of the prison sentence was ordered. Defendant was awarded 174 days' custody credit and 87 days' conduct credit. Defendant objected unsuccessfully that recent legislation and principles of equal protection entitled him to an additional 87 days' conduct credit.

On appeal, defendant claims recently amended section 4019, operative October 1, 2011, entitles him to a "bifurcated" award of conduct credit, and equal protection requires that current section 4019 be applied retroactively to this case. We affirm.

## FACTS

The facts of defendant's offense and probation violation are not at issue and need not be recounted in this opinion.

Defendant committed his offense on April 7, 2011. He was in custody on a parole hold unrelated to this case from April 7, 2011, through August 4, 2011. Thereafter, he was in custody on this case from August 5, 2011, until September 7, 2011, when he was released on probation (34 days). After he violated probation, he returned to custody on November 9, 2011, and remained there until he was sentenced to state prison on March 28, 2012 (141 days). As noted, he was awarded 174 days' custody credit and 87 days' conduct credit. In part II at page 8, *post*, we address an arithmetic error in the credit computation.

## DISCUSSION

## I

### *Presentence Conduct Credit*

Defendant contends he is entitled to additional presentence conduct credit under recently amended section 4019, which became operative October 1, 2011. Unlike his objection in the trial court, which sought additional conduct credit for his entire period of

presence custody in this case, defendant now seeks additional conduct credit only for his custody *following October 1, 2011*, i.e., from his return to custody in November 2011 until his sentencing in March 2012.

Defendant acknowledges the express terms of current section 4019, enacted as part of the Criminal Justice Realignment Act of 2011, indicate it applies only to defendants whose crimes were "committed on or after October 1, 2011," and his crime occurred prior to that date.  (§ 4019, subd. (h); see Stats. 2011, ch. 15, § 482; Stats. 2011, ch. 39, § 53; Stats. 2011, 1st Ex. Sess. 2011, ch. 12, §§ 16, 35 (Assem. Bill No. 17).)[2]  However, because the bulk of his presentence custody occurred after October 1, 2011, defendant argues he is entitled to additional "bifurcated" conduct credit under present section 4019, which provides two-for-two credit for defendants who serve presentence time in jail. (§ 4019, subd. (f).)  In addition, defendant asserts present section 4019 should apply to him retroactively based on equal protection principles.  Neither point has merit.

### *Bifurcated Calculation of Credit*

In October 2009, when it enacted the former version of section 4019 (Senate Bill No. 18) that was at issue in *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), "the Legislature did not expressly declare whether former section 4019 was to operate prospectively or retroactively." (*Brown,* at p. 320; see Stats. 2009, 3d Ex. Sess. 2009, ch. 28, § 50.)  Particularly relevant for present purposes, the Legislature never purported to bar the Senate Bill No. 18 version of section 4019 from applying to *crimes that*

---

[2]  Section 4019 provides, in relevant part:  "(g)  The changes in this section as enacted by the act that added this subdivision shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after the effective date of that act.  [¶]  (h)  The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp *for a crime committed on or after October 1, 2011*.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."  (Italics added.)

*occurred* prior to its operative date. Thus, persons who committed crimes prior to the operative date of Senate Bill No. 18 but served presentence custody both prior to and following that effective date earned "bifurcated" credit at two different rates. In concluding the statute applied prospectively only, the *Brown* court noted: "To apply former section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates." (*Brown,* at p. 322.)

In contrast, when it enacted the present version of section 4019, the Legislature expressly barred the statute from applying to crimes committed prior to its operative date, October 1, 2011. (§ 4019, subd. (h); see fn. 2, *ante*.) Because the present credit scheme, by its terms, does not give enhanced credit for crimes committed prior to October 1, 2011, the scheme does not allow prisoners whose custody overlapped the statute's operative date to earn credit at two different rates.

Rather, defendant's entitlement to conduct credit is governed by section 4019, subdivision (g), which states: "The changes in this section as enacted by the act that added this subdivision shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after the effective date of that act."

The "act that added" section 4019, subdivision (g) was Senate Bill No. 76, effective September 28, 2010. (Stats. 2010, ch. 426, § 2.) Section 4019, subdivision (g) thus provides that the credit formula of Senate Bill No. 76 applies to persons, like defendant, who are "confined . . . for a crime committed on or after" September 28, 2010. (See *People v. Hul* (2013) 213 Cal.App.4th 182, 186-187.) Because defendant committed his crime on April 7, 2011, his conduct credit must be calculated pursuant to the formula of Senate Bill No. 76.

Senate Bill No. 76 did not entitle defendant to day-for-day conduct credit because he has a prior conviction of a serious felony. (§§ 459, 460, subd. (a), 1192.7,

subd. (c)(18).)  The prosecutor dismissed an allegation that this prior conviction constitutes a "strike," but the dismissal does not affect defendant's entitlement to presentence conduct credit under section 4019.  Senate Bill No. 76 entitles defendant to two days' conduct credit for every six-day period of confinement.  (Stats. 2010, ch. 426, § 2; § 4019, former subds. (b) & (c).)

Defendant's claim that he is entitled to credit at two different rates, because a different bifurcated credit scheme had been approved in *Brown*, ignores the significant differences in the two versions of section 4019.

Defendant nevertheless contends he is entitled to bifurcated credit based on *People v. Olague* (2012) 205 Cal.App.4th 1126, which considered the language of section 4019, subdivision (h).  (See *ante*, fn. 2.)  However, the Supreme Court granted review in *Olague* and then dismissed review and remanded the matter to the Sixth Appellate District in light of *Brown*.  (*Olague*, *supra*, 205 Cal.App.4th 1125, review dismissed Mar. 20, 2013, S203298.)  As defendant acknowledges, the court in *People v. Ellis* (2012) 207 Cal.App.4th 1546 (*Ellis*) examined the same language considered in *Olague* and concluded:  "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011.  [Citation.]  The second sentence [of section 4019, subdivision (h)] does not extend the enhanced rate to any other group, but merely specifies the rate at which all others are to earn conduct credits.  So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced."  (*Ellis*, at p. 1553.)  We agree with *Ellis*.

Defendant cites *Payton v. Superior Court* (2011) 202 Cal.App.4th 1187 for the proposition that "the 'legislative intent in awarding or increasing credit for good conduct

5

is to encourage good behavior and work performance by inmates in custody. Such good behavior and work performance helps to maintain the security and safety of local custody facilities. [¶] For these reasons, inmates are entitled to the conduct credits which are in effect at the time their custody is served.' " (*Id*. at p. 1191.) But as we have seen, two-for-two credits were not "in effect" at the time defendant served his custody *for persons such as him* whose offenses predated October 1, 2011. Thus, his reliance on *Payton* is misplaced.

We thus conclude, as a matter of statutory construction, that defendant is not entitled to additional "bifurcated" conduct credit under the present version of section 4019.

### Equal Protection

After determining that principles of statutory construction and legislative intent required the Senate Bill No. 18 version of section 4019 to be applied prospectively only, the court in *Brown* concluded such application did not violate principles of equal protection. (*Brown*, *supra*, 54 Cal.4th at pp. 322-323, 328-330.) In *People v. Lara* (2012) 54 Cal.4th 896, the court more recently concluded the Legislature did not violate equal protection by making its 2011 amendment of section 4019 expressly prospective. (*Lara*, at p. 906, fn. 9; § 4019, subd. (h).)

Defendant acknowledges that under these authorities, equal protection is not violated where a prisoner whose *entire* presentence custody occurred prior to October 1, 2011, earns a lesser rate of conduct credit than a prisoner whose *entire* presentence custody occurred after that date. But he claims equal protection *is* violated where, as here, prisoners in presentence custody *after October 1, 2011*, earn different rates of conduct credit depending on *whether their offense occurred* prior to that date. We disagree.

" 'The obvious purpose of the new section [4019] . . . is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain

6

good conduct while they are in prison.' [Citation.] '[T]his incentive purpose has no meaning if an inmate is unaware of it.' " (*Brown*, *supra*, 54 Cal.4th at p. 329, quoting *In re Strick* (1983) 148 Cal.App.3d 906, 913.)

As we have seen, the present version of section 4019 does not, by its terms, give enhanced credit for crimes committed prior to October 1, 2011. Nor did decisional authority extend the statute's reach beyond its textual bounds before defendant was sentenced on March 28, 2012. Thus, having committed his crime prior to October 1, 2011, defendant could not have *been aware, or even reasonably suspected, based on anything more than speculation, he would be entitled* to enhanced credit during *any* portion of his presentence incarceration, even the part occurring after October 1, 2011. Section 4019 could not have encouraged defendant, who was unaware of any such incentive, to engage in productive work or maintain good conduct. (*Brown*, *supra*, 54 Cal.4th at p. 329.) This is so even though the statute *gave* such an incentive to *other* simultaneously incarcerated inmates who committed their crimes *after* October 1, 2011.

Following *Brown*, we conclude the "important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who . . . could not have modified their behavior in response." (*Brown*, *supra*, 54 Cal.4th at pp. 328-329.) "That prisoners who [commit crimes] before and after [present] section 4019 took effect are not similarly situated necessarily follows." (*Brown*, at p. 329; see *Ellis*, *supra*, 207 Cal.App.4th at pp. 1551-1552.) Because the groups are not similarly situated, it is not necessary to consider defendant's arguments that the proper standard of review is strict scrutiny and that there is no compelling state interest, or rational basis, for the disparity in treatment. Defendant's equal protection claim has no merit.

## II

### *Computation of Custody Credit*

Defendant notes that he is entitled to one additional day of custody credit. The period from November 9, 2011, through March 28, 2012, is 141 days, not the 140 days computed by the probation department and awarded by the trial court.[3] Combined with the 34 days' custody credit from August 5, 2011, through September 7, 2011, defendant is entitled to a total of 175 days' custody credit.

Under the applicable version of section 4019, these 175 days' custody credit entitle defendant to 86 days' conduct credit, not the 87 days' credit computed by the probation department and awarded by the court. We shall modify the judgment accordingly.

### DISPOSITION

The judgment is modified to award defendant 175 days' custody credit and 86 days' conduct credit. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

                                                       RAYE          , P. J.

We concur:

        MURRAY       , J.

        HOCH        , J.

---

[3] The period includes February 2012, which has 29 days.