Filed 2/10/14  P. v. Hunt CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>NICHOLES MURRAY HUNT,<br><br>　　　Defendant and Appellant. | A136645<br><br>(San Francisco City & County<br>Super. Ct. No. CR212747)<br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on January 9, 2014, be modified as follows:

1. On page 8, the first sentence of the disposition, which appears in the third full paragraph, is to be replaced in its entirety so the sentence reads:

The matter is remanded with directions to the trial court to modify the judgment to award appellant 213 days of presentence conduct credit, in addition to the 213 days of actual time served, for a total of 426 presentence credits.

There is no change in the judgment.

DATED: _____　_____

RUVOLO, P. J.

1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>NICHOLES MURRAY HUNT,<br><br>          Defendant and Appellant. | A136645<br><br>(San Francisco City & County<br>Super. Ct. No. CR212747) |

## I.

## INTRODUCTION

Appellant Nicholes Murray Hunt appeals from a four-year state prison term imposed after his probation was revoked.  He contends the trial court erred in failing to correct his sentence because the presentence conduct credits were miscalculated for the period he was in custody between his November 13, 2010 arrest on the probation violation and his March 15, 2011 sentencing.  For this time period, the court awarded appellant two days of conduct credits for every four days in the county jail, resulting in appellant receiving credit for 123 actual days in custody and 60 conduct credits.  Appellant claims that under the law in effect at the time he was in presentence custody, he is entitled to full, day-for-day presentence conduct credit for an additional 63 days of credit.  (Former Pen. Code, §§ 2933, 4019.)[1]  We agree with appellant that applicable prior law provided for day-for-day presentence conduct credit; and we therefore correct

---

[1]  All statutory references are to the Penal Code.

1

the judgment (§ 1260) to award appellant his requested additional 63 days of presentence conduct credit. In all other respects, the judgment is affirmed.

## II.

## FACTUAL AND PROCEDURAL HISTORY

Appellant was arrested on June 14, 2010, and subsequently entered into a negotiated plea with the prosecution. As part of that agreement, on June 30, 2010, appellant entered a plea of guilty to corporal injury on a spouse, former spouse, cohabitant, former cohabitant, or a parent of his or her child. (§ 273.5, subd. (a).) In return for his plea, other charges pending against him were dismissed by the prosecution, sentencing was suspended, and appellant was placed on three years' probation with conditions, including that he spend six months in county jail, that he participate in a domestic violence program, and that he stay away from the victim. It was understood that appellant could receive a maximum four-year prison term if probation was violated. Appellant served 90 days of his county jail term before being released.

On October 19, 2010, probation was revoked when appellant failed to appear at a hearing, and a bench warrant was issued for his arrest. The warrant was recalled on October 22, 2010, and probation was reinstated. A new bench warrant was issued on November 5, 2010, after appellant failed to appear at another hearing. He was found at the victim's home on November 13, 2010, and was taken into custody.

At a contested hearing held on February 14, 2011, appellant was found to have violated the terms of his probation. On March 15, 2011, appellant's probation was formally revoked; and he was ordered to serve four years in state prison. At sentencing, the court awarded appellant a total of 363 days of credit for time served in the county jail, consisting of 213 actual days in custody and 150 days of presentence conduct credit. More precisely, appellant was awarded (1) 90 actual days and 90 days of conduct credits for the time served in the county jail after his first arrest, on June 14, 2010, until September 9, 2010, a computation he does not challenge; plus (2) 123 actual days and 60 days of conduct credits for the time served in jail after his arrest on the probation

2

violation on November 13, 2010, until March 15, 2011, a computation which is challenged in this appeal.

Appellant's first notice of appeal was filed on April 6, 2011. On October 25, 2011, this court dismissed appellant's appeal in a nonpublished opinion, concluding that the alleged error in calculating presentence conduct credit should be brought to the attention of the superior court in the first instance rather than to the appellate court.[2] (*People v. Hunt* (Oct. 25, 2011, A131727).)

Subsequently, a hearing was held in the superior court on August 15, 2012, on appellant's motion to correct presentence credits. The trial court indicated that "[a]s far as I'm concerned, the Court properly sentenced Mr. Hunt." Appellant's notice of appeal was filed on September 13, 2012.

## III.

## DISCUSSION

### A. Statutory Overview

On appeal, appellant challenges only the presentence custody credit award for the time he served in the county jail after his November 13, 2010, arrest on the probation violation until his March 15, 2011 sentencing, arguing he should have received conduct credit in an amount equal to the actual days he served in custody prior to his sentence to state prison. A defendant sentenced to state prison is entitled to credit against his or her sentence for all actual days spent in custody before sentencing, and for all appropriate conduct credits. (§ 2900.5, subd. (a).) This entitlement survives the defendant's release from prison, since additional custody credits may serve to reduce the defendant's period of parole. (*In re Reina* (1985) 171 Cal.App.3d 638, 642.)

The statutory scheme governing the calculation of presentence conduct credits was undergoing repeated revision within the relatively short period of time appellant's case was winding its way through the criminal justice system, leading to confusion as to the

---

[2] On April 8, 2013, this court granted appellant's request to take judicial notice of the record on appeal in the prior case, A131727 (Ruvolo, P. J.).

3

applicable law and the correct formula to use in the calculation of presentence custody credits. The court in *People v. Garcia* (2012) 209 Cal.App.4th 530 (*Garcia*) observed that the frequency of these legislative changes "ha[s] made calculating presentence conduct credits a potentially complex undertaking. And, trial courts throughout California have been deluged with motions, habeas corpus petitions and hand scrawled or typewritten (on actual typewriters) letters from inmates seeking additional presentence conduct credits." (*Id.* at p. 533.)

This legislative history was set out in great detail in *Garcia*, *supra*, 209 Cal.App.4th 530, and we will summarize it here, focusing on the revisions that have the greatest applicability to the resolution of the case before us. The *Garcia* court prefaces its legislative review by recognizing "[f]rom 1982 through 2009, former section 4019 authorized two days' conduct credit for every four days spent in presentence custody. (Former § 4019, subds. (b) & (c), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553-4554 . . . .)" (*Id.* at p. 534.) Consequently, before 2010, a defendant who earned all available conduct credits during his or her presentence incarceration would be deemed to have served six days in custody for every four days actually served—the so-called six-for-four formula. (*People v. Dieck* (2009) 46 Cal.4th 934, 939.)

In December 2008, former Governor Arnold Schwarzenegger declared a fiscal emergency. (See *Garcia, supra,* 209 Cal.App.4th at p. 535.) In response, the Legislature passed a series of bills aimed at reducing costs and prison overcrowding. (*Id.* at pp. 535-540.) It did so, in part, by passing legislation effective January 25, 2010, increasing the amount of conduct credits earned by persons in presentence custody who had not committed serious or violent felonies or sex offenses. (Stats. 2009, 3d Ex. Sess. 2009-2010, ch. 28, § 50; *Garcia*, *supra*, 209 Cal.App.4th at pp. 535-536.) "With exceptions, Senate Bill No. 18 provided presentence conduct credits of two days for every two days served in a county jail for persons committed to prison. (Former § 4019, subds. (b)(1) and (c)(1)." (*Garcia*, *supra*, 209 Cal.App.4th at pp. 535-536.)

Our Supreme Court has held the January 25, 2010 amendment to section 4019 applies prospectively only to time spent in presentence custody on or after January 25,

2010, though it does not matter when the crime was committed. (*People* v. *Brown* (2012) 54 Cal.4th 314, 318 (*Brown*).) As a result, defendants are to receive custody credit based on the law in effect when their time is being served. (*Id.* at p. 322.)

Appellant was given 90 days of conduct credit pursuant to section 4019, as amended effective January 25, 2010. The 90 days of conduct credit was based on a day-for-day calculation of time appellant spent in custody after his original arrest from June 14, 2010, to September 9, 2010. As noted, this computation has not been challenged on appeal.

However, when appellant was arrested for violating his probation on November 13, 2010, and placed in presentence custody before he was sentenced to prison on March 15, 2011, a new law had gone into effect. "Effective September 28, 2010, in Senate Bill No. 76, the Legislature restored conduct credit accrual for all local prisoners to the prior existing rates. . . . (Former § 4019, subds. (b) & (c), as amended by Stats. 2010, ch. 426, § 2 . . . .) . . . The Legislature declared, 'It is the intent of the Legislature that if all days are earned under this section, a term of six days will be deemed to have been served for every four days spent in actual custody.' (Former § 4019, subd. (f), as amended by Senate Bill No. 76.)" (*Garcia*, *supra*, 209 Cal.App.4th at p. 537, italics omitted.) Senate Bill No. 76 also added section 4019, subdivision (g), which made the new decreased credits applicable only to defendants who committed crimes on or after the statute's effective date, September 28, 2010. (Stats. 2010, ch. 426, § 2); § 4019, subd. (g).) Thus, Senate Bill No. 76's amendment of section 4019 was explicitly prospective.

"At the same time, Senate Bill No. 76 amended former section 2933 to award day-for-day conduct credit to certain prisoners in local presentence custody who were sentenced to prison. (Former § 2933, subd. (e)(1), as amended by Stats. 2010, ch. 426, . . . § 1, eff. Sept. 28, 2010.)" (*Garcia*, *supra*, 209 Cal.App.4th at p. 538.) Former section 2933, subdivision (e)(1), stated: "Notwithstanding Section 4019 and subject to the limitations of this subdivision, a prisoner sentenced to the state prison under Section 1170 for whom the sentence is executed shall have one day deducted from his or her

5

period of confinement for every day he or she served in a county jail, city jail, industrial farm, or road camp from the date of arrest until state prison credits pursuant to this article are applicable to the prisoner." Those with disqualifying prior convictions were not eligible for the additional credits under former section 2933, subdivision (e)(1). (See former § 2933, subd. (e)(3).) Unlike former section 4019, subdivision (g), as amended by Senate Bill No. 76, there was no specification that the amended section 2933 applied only to crimes committed after September 28, 2010, the effective date of the amendment.

The court in *People v. Hul* (2013) 213 Cal.App.4th 182, summarized the September 28, 2010, legislative changes as follows: "Thus, defendants sentenced to a local jail received maximum presentence conduct credit only at a half-time rate under section 4019, while those sentenced to state prison could receive full, day-for-day conduct credit under section 2933 for presentence custody." (*Id.* at p. 186.)

The presentence conduct credit laws changed yet again with the October 1, 2011 Criminal Justice Realignment Act of 2011. "[S]ection 2933, subdivision (e), with its impact on presentence conduct credits [for those sentenced to prison], was short-lived. Effective October 1, 2011, as part of the realignment legislation, the section 2933, subdivision (e) presentence conduct credits provision was repealed. Section 4019 returned as the standard for awarding presentence conduct credits. (Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 16.)" (*Garcia*, *supra*, 209 Cal.App.4th at p. 539.) Effective October 1, 2011, section 4019, subdivision (f), provides that all defendants receive four days of presentence credit for every two days served. (See *Garcia, supra*, 209 Cal.App.4th at pp. 539-540.) The statute expressly states that it is to apply prospectively. (§ 4019, subd. (h).) All parties agree the operation of this 2011 legislative action is irrelevant to the resolution of the case before us.

**B.    Calculating Appellant's Conduct Credits**

The September 28, 2010 statutory scheme was in effect at the time appellant was arrested for violating his probation, returned to custody in the local jail, and sentenced to state prison. Consequently, the September 28, 2010 version of the presentence custody credit law is the one that should be used in determining the correct formula to use in

calculating his presentence credits. (*Brown*, *supra*, 54 Cal.4th at p. 318 [unless otherwise specified, defendants are to receive custody credit based on the law effective when the time is served]; *Payton v. Superior Court* (2011) 202 Cal.App.4th 1187, 1191 (*Payton*) ["[I]nmates are entitled to the conduct credits which are in effect at the time their custody is served"].)

Appellant first contends he is entitled to the enhanced one-for-one credits for the time he spent in custody from his November 13, 2010 arrest until he was sentenced to prison on March 15, 2011, pursuant to the September 28, 2010 version of former section 2993, subdivision (e), rather than the six-for-four presentence custody credits used by the trial court under former section 4019, subdivision (f). Appellant claims "that for defendants like [appellant] who are sentenced to state prison, section 2933's day-for-day provision governs the pre-sentence credit rate."

Appellant's argument is supported by the statutory language. After the September 28, 2010 amendment, former section 2933 provided: "Notwithstanding Section 4019 . . . a prisoner sentenced to the state prison . . . for whom the sentence is executed shall have one day deducted from his or her period of confinement for every day he or she served in a county jail, city jail, industrial farm, or road camp from the date of arrest until state prison credits . . . are applicable to the prisoner." (§ 2933, subd. (e)(1).) It also provides that such credit may not be received "if it appears by the record that the prisoner has refused to satisfactorily perform labor . . . or has not satisfactorily complied with the reasonable rules and regulations." (§ 2933, subd. (e)(2).) Lastly, "[s]ection 4019, and not this subdivision, shall apply" to sex offenders, those committed for a serious felony, and those with a prior conviction for a serious or violent felony. (§ 2933, subd. (e)(3).)

There is nothing in the record to suggest that any of the exceptions to section 2933 applied to render its provisions inapplicable to appellant. Accordingly, we find the sentencing court erred when it granted appellant 60 conduct credits for 123 actual days in custody. Under the September 28, 2010 amendment to former section 2933, subdivision (e)(1), those sentenced to state prison should receive one day of presentence credit for

7

every day served. This made the final calculation 63 days short according to governing statute.

Furthermore, even though the trial court believed otherwise, the presentence conduct credit computation for the time appellant served in custody after September 28, 2010, could not be based on the six-for-four formula set out in section 4019, effective on that date. As explained in *Payton*, *supra*, 202 Cal.App.4th at page 1190, footnote 3: "The September 2010 amendment restored the presentence conduct credit calculation set forth in the version of section 4019 in effect before the January 25, 2010 amendment [providing one-for-one credit]. By its express terms newly created subdivision (g) of section 4019 declared the September 2010 amendment applied *only to prisoners confined for a crime committed on or after the effective date of that amendment*." (Italics added.)

Because appellant was serving time for a probation violation based on an underlying crime committed before September 28, 2010, this version of section 4019 clearly did not apply. Consequently, appellant's conduct credits should have been computed using the one-for-one formula set out in the January 25, 2010 version of section 4019, providing an alternative ground for granting appellant the relief he requests. (See Couzens, Bigelow & Prickett, Sentencing Cal. Crimes (The Rutter Group 2013) Credit for Time Served, § 15:4 [for violations of probation with underlying crimes committed prior to September 28, 2010, "even if the custody on the probation violation is served after September 28, 2010, the credits will be calculated under the [one-for-one] formula effective January 25, 2010"].)

## IV.

## DISPOSITION

The matter is remanded with directions to the trial court to modify the judgment to award appellant 63 days of presentence conduct credit, in addition to the 123 days of actual time served. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy of it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

8

_____

RUVOLO, P. J.


We concur:


_____

RIVERA, J.


_____

HUMES, J.