Filed 7/18/14  P. v. Dubose CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075215 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM030776, CM031201, SCR71159) |
| v. | |
| BLANNON MAYNOR DUBOSE, | |
| Defendant and Appellant. | |

When defendant Blannon Dubose was found in violation of probation for the third time in 2013, the trial court revoked his probation and executed his previously stayed prison sentence. Defendant first contends he should serve his sentence in county jail instead of prison because he was "sentenced" when, in 2013, the trial court executed the previously suspended sentence and thus he falls under the provisions of Penal Code[1]

---

[1] Further section references are to the Penal Code.

1

section 1170, subdivision (h). Second, he contends he should receive one-for-one custody credits for the time he served after the most recent amendment of section 4019 became operative. We disagree and affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2009, defendant was convicted of second degree commercial burglary, receiving stolen property, and battery. Imposition of sentence was suspended and the trial court placed him on formal probation. Defendant first violated probation in 2010. At that time, the trial court sentenced defendant to a total of three years and eight months: two years for receiving stolen property, eight months for commercial burglary, and one year for a prior prison term enhancement pursuant to section 667.5, with a one-year concurrent term on the battery. The sentence was stayed and probation was reinstated. In 2012, defendant violated probation again. Probation was reinstated again, with one condition being that he waive all actual days served and custody credits earned up to that point.

Defendant violated his probation for a third time in 2013. At that time, the trial court denied defendant's application for continuance on probation. It lifted the stay and executed the previously imposed sentence of three years and eight months, to be served in prison. At the time, defendant had served 44 days and earned 22 days of custody credits, for a total of 66 credit days. Defendant appealed.

DISCUSSION

I

*Defendant Must Serve His Time In Prison*

Defendant contends his prison sentence must be converted to a county jail sentence pursuant to section 1170, subdivision (h)(6). According to him, he was "sentenced" when the trial court, in 2013, declined to reinstate his probation and executed the previously suspended sentence. Therefore, he contends he falls under the provisions of section 1170 subdivision (h). Defendant is wrong.

2

Pursuant to the Realignment Act, many felonies are no longer punished by confinement in state prison but are instead subject to confinement in county jail. (§1170, subd. (h)(1), (2).) Although defendant's crime is subject to sentencing under the Realignment Act, the Realignment Act's sentencing scheme applies only to defendants "sentenced on or after October 1, 2011." (§1170, subd. (h)(6).) Here, the trial court imposed and stayed execution of the three-year and eight-month state prison sentence on October 5, 2010, and executed the sentence on November 5, 2013. Thus, the issue is: when was defendant sentenced?

Defendant relies on *People v. Clytus* (2012) 209 Cal.App.4th 1001 to support his claim that he was sentenced when the trial court executed the previously imposed term and therefore he should have been sentenced to county jail pursuant to section 1170, subdivision (h). The California Supreme Court recently disapproved *Clytus*, concluding that "the Realignment Act is not applicable to defendants who have had a state prison sentence imposed and suspended prior to October 1, 2011." (*People v. Scott* (2014) 58 Cal.4th 1415, 1426.) Accordingly, defendant is not entitled to have his state prison commitment vacated.

II

*The Trial Court Correctly Calculated*

*Defendant's Custody Credits*

Defendant contends that instead of receiving 22 days of custody credits calculated using a previous version of section 4019, he should have received one-for-one custody credits pursuant to the most recent amendment of section 4019, because he served his 44 days after its operative date of October 1, 2011. Under the current version of section 4019, the defendant would have earned 44 days: two days of custody credits for every two days served. (§4019, subd. (f).) We disagree.

The current version of section 4019, subdivision (h), operative October 1, 2011, provides: "The changes to this section enacted by the act that added this subdivision

3

shall apply prospectively and shall apply to prisoners who are confined to [specified facilities] for a crime committed on or after October 1, 2011.  Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."  While the first sentence of subdivision (h) expresses the Legislature's intent that application of the enhanced conduct credits is limited to defendants whose crimes are committed on or after October 1, 2011, the second sentence of the subdivision arguably implies any days earned by a defendant on or after October 1, 2011, should be calculated at the rate required by the current law.

Two appellate courts have addressed this ambiguity and interpreted section 4019, subdivision (h), to give effect to both sentences, such that neither sentence will be rendered inoperative, superfluous, void, or insignificant.  In *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553, the court concluded as follows:  "In our view, the Legislature's clear intent was to have the enhanced rate apply *only* to those defendants who committed their crimes on or after October 1, 2011.  [Citation.]  The second sentence does not extend the enhancement rate to any other group, but merely specifies the rate at which all others are to earn conduct credits.  So read, the sentence is not meaningless, especially in light of the fact the October 1, 2011, amendment to section 4019, although part of the so-called realignment legislation, applies based on the date a defendant's crime is committed, whereas section 1170, subdivision (h), which sets out the basic sentencing scheme under realignment, applies based on the date a defendant is sentenced."

In *People v. Rajanayagam* (2012) 211 Cal.App.4th 42*,* the court concluded as follows:  "[W]e cannot read the second sentence to imply any days earned by a defendant *after* October 1, 2011, shall be calculated at the enhanced conduct credit rate for an offense committed before October 1, 2011, because that would render the first sentence superfluous."  (*Id.* at p. 51.)  The appellate court explained its reasoning:  "[S]ubdivision (h)'s second sentence attempts to clarify that those defendants who committed an offense before October 1, 2011, are to earn credit under the prior law.  However artful the

4

language of subdivision (h), we read the second sentence as reaffirming that defendants who committed their crimes before October 1, 2011, still have the opportunity to earn conduct credits, just under prior law. [Citation.] To imply the enhanced conduct credit provision applies to defendants who committed their crimes before the effective date but served time in local custody after the effective date reads too much into the statute and ignores the Legislature's clear intent in subdivision (h)'s first sentence." (*Rajanayagam*, at p. 52.)

Defendant relies on *Payton v. Superior Court* (2011) 202 Cal.App.4th 1187 to support his argument. In *Payton*, however, the court was interpreting the version of section 4019 effective January 25, 2010, which did not include language about the statute applying prospectively. (*Payton*, at p. 1189.) *Payton* does not address the language in question here and is inapplicable.

The latest amendment to section 4019 applies to crimes committed after October 1, 2011 and defendant committed his crimes in 2009. Therefore, defendant is not entitled to additional custody credits under section 4019.

DISPOSITION

The judgment is affirmed.


                                                 ROBIE , J.


We concur:


NICHOLSON , Acting P. J.


BUTZ , J.