Filed 11/19/14  P. v. Freeman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039179 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F17295) |
| v. | |
| JAY PAUL FREEMAN, | |
| Defendant and Appellant. | |

In this appeal, Jay Paul Freeman (appellant) seeks correction of his presentence custody credits.  For reasons that follow, we agree that appellant is entitled to more custody credits than he was awarded.

*Facts and Proceedings Below*

By way of an information filed on March 25, 2009, appellant was charged with two counts of obtaining money, labor or property by false pretenses (Pen. Code, § 532, subd. (a), counts one and two),[1] two counts of theft from an elder or dependent adult (§ 368, subd. (d), counts three and four), one count of selling unregistered securities (Corp. Code, §§ 25110, 25540, subd. (a), count five), four counts of making false statements or omissions (*id*., §§ 25401, 25540, subd. (b), counts six-nine), and one count of sale of a security by willful and fraudulent use of a device, scheme, or artifice to defraud (*id*., § 25541, count 10).  The information contained the following allegations: as to counts six, seven, and nine, the value of the property in question exceeded $65,000

---

[1]     All unspecified section references are to the Penal Code.

(§ 12022.6, subd. (a)(1)), and as to counts three, five and 10, the value of the property in question exceeded $200,000 (§ 12022.6, subd. (b)).  The information contained a white-collar-crime enhancement allegation (§ 186.11) and an allegation that appellant committed theft of over $100,000 within the meaning of section 1203.045.  All crimes were alleged to have been committed before 2009.

Subsequently, counts three and four were dismissed pursuant to section 995.  Thereafter, pursuant to a plea agreement, appellant pleaded no contest to counts six through nine and the remaining counts were to be dismissed.  On March 7, 2011, appellant failed to appear for sentencing and a bench warrant issued.  Ultimately, appellant appeared in court and was remanded to the custody of the Santa Cruz County Sheriff.  On November 30, 2012, the court sentenced appellant to a total term of eight years.  The court awarded appellant 593 actual days of custody credit and 296 days of conduct credits.

Here, it is important to note that appellant does not quibble with the actual days of credit he was awarded—593 days.  Rather, he contends that the trial court erred in calculating his presentence conduct credits.

Given that the statute under which a defendant is awarded conduct credits has changed many times over the years since appellant committed his crimes, we set forth in detail those changes.

*Section 4019 Credits*

A criminal defendant is entitled to accrue both actual presentence custody credits under section 2900.5 and conduct credits under section 4019 for the period of incarceration prior to sentencing.  Conduct credits may be earned under section 4019 by performing additional labor and by an inmate's good behavior.  (§ 4019, subd. (b) & (c).)

In both instances, section 4019 credits are collectively referred to as conduct credits.  (*People v. Dieck* (2009) 46 Cal.4th 934, 939, fn. 3.)  The court is charged with awarding these credits at sentencing.  (§ 2900.5, subd. (d).)

Before January 25, 2010, conduct credits under section 4019 could be accrued at the rate of two days for every four days of actual time served in presentence custody. (Stats. 1982, ch. 1234, § 7, p. 4554 [former § 4019, subd. (f)].)  Effective January 25, 2010, the Legislature amended section 4019 in an extraordinary session to address the state's ongoing fiscal crisis.  Among other things, Senate Bill No. 3X 18 amended section 4019 such that defendants could accrue custody credits at the rate of two days for every two days actually served, twice the rate as before except for those defendants required to register as a sex offender, those committed for a serious felony (as defined in § 1192.7), or those who had a prior conviction for a violent or serious felony. (Stats. 2009–2010, 3d Ex.Sess., ch. 28, §§ 50, 62 [former § 4019, subds. (b), (c), & (f)] (hereafter the January 25, 2010 amendment).)

Effective September 28, 2010, section 4019 was amended again to restore the presentence conduct credit calculation that had been in effect prior to the January 25, 2010 amendment.  By its express terms, the newly created section 4019, subdivision (g), declared the September 28, 2010 amendments applicable only to inmates confined for a crime committed on or after that date.  (Stats. 2010, ch. 426, § 2 (hereafter the September 28, 2010 amendment).)

Thereafter, the Legislature again amended section 4019, reinstituting "one-for-one" conduct credits and making this change applicable to crimes committed on or after October 1, 2011, the operative date of the amendments.  (§ 4019, subds. (b), (c), & (h) (hereafter the October 1, 2011 amendment).)[2]  Currently, section 4019, subdivision (h), states:  "The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a

---

[2]    Although commonly referred to as "one-for-one" credits, this is not technically correct.  The current version of section 4019 allows eligible defendants to earn two days of conduct credit for every two days of actual local custody.  A defendant who serves an odd number of days in presentence custody would earn an equal amount of conduct credit less one day.

county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law."

With this background in mind we set forth the periods of time when appellant was in custody, which are taken from an addendum to the probation officer's presentence report.

| 365 days | 02/27/2009-02/26/2010 | Presentence | SCCJ |
| 52 days | 02/26/2012-04/17/2012 | Fresh Misdemeanor Charges | Colorado |
| 224 days | 04/19/2012-11/27/2012 | Presentence/BW return | SCCJ |
| 641 days | Actual time in custody. | | |

At the sentencing hearing held on November 30, 2012, the trial court considered the first period of local incarceration before appellant posted bail and stated that was 365 actual days. As for the second period of local incarceration, although the court noted that appellant had arrived from Colorado on April 19, 2012, the court stated that it had been informed that his transportation began on April 17. Accordingly, the court credited appellant with 228 actual days of credit up to and including the day of the sentencing hearing. As to the period of time that appellant was in custody in Colorado, the court noted that appellant could not receive credit for that time. The court reasoned that those credits would be applied in the Colorado case.[3] The court reasoned the actual days in custody to be 593; as noted, appellant agrees with this calculation.

As to presentence conduct credits, the court stated that because appellant's crimes occurred before October 1, 2011, appellant should get conduct credits at 50 percent (i.e., two days for every four days in custody) and awarded him 296 days for a total of 889 days of presentence custody credits.

---

[3] Appellant does not contend that the court erred in this regard.

4

Defense counsel expressed his concern that the court's calculation may not have been accurate based on all the changes in the law; he requested a new court date to address the issue after he had conducted some research. The court declined the request but stated that if counsel thought the court made an error, then he could calendar a court date to address the issue. The record does not show that an additional court date was requested and we cannot find a motion challenging the presentence credits in the record.

*Discussion*

In general, section 1237.1 provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."

However, appellant is not precluded by section 1237.1 from raising the issue of credits on appeal even though he did not raise the issue in the trial court and is presenting only this single issue on appeal. This is because section 1237.1 "does not preclude a defendant from raising, as the sole issue on an appeal, a claim his or her presentence custody credits were calculated pursuant to the wrong version of the applicable statute." (*People v. Delgado* (2012) 210 Cal.App.4th 761, 763 (*Delgado*).)[4] That is the nature of appellant's claim here.

---

[4] The *Delgado* court explained: "In our view, an error in 'doing the math,' or . . . an apparent oversight in an award of credits, constitutes the type of minor sentencing error at which section 1237.1 was clearly aimed. A determination of which version of a statute applies—especially when, as here, that determination involves application of constitutional principles—does not." (*Delgado*, *supra*, 210 Cal.App.4th. at p. 766.) Furthermore, a trial court's failure to award the correct amount of presentence custody credit due to legal error is a jurisdictional defect that renders the sentence an unauthorized sentence. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647.) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered. [Citation.]" (*Ibid.*)

Appellant contends that the trial court erred in failing to calculate his good conduct credits after January 25, 2010, at the correct rate for the time he spent in custody up to and including the day he was sentenced. Respondent agrees, but only in part. Respondent concedes that the time appellant spent in custody from January 25, 2010, up to and including February 26, 2010, should have been calculated under the January 25, 2010, amendment to section 4019. Since this period of custody totaled 33 days, respondent concedes that appellant should have been awarded 32 days of conduct credits. We agree.

In *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*), the California Supreme Court reviewed the application of the January 25, 2010 amendment to section 4019 and concluded that the amendment applied prospectively only and that prisoners could earn credits at different rates if their prison terms overlapped the effective dates of section 4019. (*Brown*, *supra*, at pp. 322-323.) Accordingly, under the January 25, 2010 amendment appellant is entitled to 32 days of conduct credits— i.e., two days of presentence credit for every two days of actual custody (33 divided by 2 = 16 multiplied by 2 = 32).[5] Since the court awarded appellant only 16 days for this period of custody, he is entitled to an extra 16 days of presentence custody credit.

As to the period of time that he spent in custody from April 17, 2012 to November 30, 2012, appellant contends that this period of custody must also be calculated using the January 25, 2010 amendment to section 4019.

Appellant asserts that since the September 28, 2010 amendment to section 4019 applies to crimes committed after the effective date of the amendment, it cannot be used to calculate his presentence conduct credits because he committed his crimes before that date. Appellant states, "[c]learly then, the first two versions [of section 4019] the 1982 statute and the amendment effective January 25, 2010, apply to [his] time in custody."

---

[5] There is no entitlement to credit on the one odd day.

Appellant does not explain why the period of time he spent in custody in 2012 should be calculated pursuant to the January 25, 2010 amendment to section 4019.

Thus, the issue as framed is this: Is appellant entitled to have his presentence conduct credits calculated under the January 25, 2010 amendment to section 4019 for the time he spent in custody in 2012? For reasons that follow, we conclude that he is.

In *Brown*, *supra*, 54 Cal.4th 314, the defendant committed his crimes and was sentenced prior to the January 25, 2010 amendment to section 4019, so he was awarded presentence conduct credits under the two-for-four formula. (*Brown*, *supra*, at p. 318.) On appeal, the defendant argued that he was entitled to the more favorable two-for-two formula, on equal protection and other grounds. (*Ibid*.) The California Supreme Court rejected these arguments. First, the court found that the Legislature did not intend the January 25, 2010 amendment to apply retroactively, since the amendment's effect was to "increase the existing incentives for good conduct by offering well behaved prisoners the prospect of even earlier release from custody." (*Id*. at p. 322, fn. omitted.) Similarly, the court found that defendants who served presentence custody before and after the amendment's effective date were not similarly situated, pointing out that "the important correctional purposes of a statute authorizing incentives for good behavior [citation] are not served by rewarding prisoners who served time before the incentives took effect and thus could not have modified their behavior in response." (*Id*. at pp. 328-329.)

Of particular relevance to this case, the *Brown* court made two observations. First, the court noted that "[t]o apply [the January 25, 2010 amendment to] section 4019 prospectively necessarily means that prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates." (*Brown*, *supra*, 54 Cal.4th at p. 322.) Second, the *Brown* court held that the January 25, 2010 amendment to section 4019 did not lessen the penalty for a particular crime, but "addresse[d] *future conduct* in a custodial setting by providing increased incentives for good behavior." (*Brown*, *supra*, at p. 325.)

7

Despite *Brown,* respondent contends that the trial court correctly applied the less favorable pre-January 25, 2010 version of section 4019 to the presentence custody that appellant served between April 17, 2012 and November 30, 2012.[6] In essence, respondent's position is that appellant is not entitled to the benefits of the January 25, 2010 amendment to section 4019 because appellant's crimes were committed several years earlier.

Respondent's argument is foreclosed by *Brown.* As pointed out above, *Brown* directly addressed the situation where a defendant served presentence custody both before and after January 25, 2010, finding that such defendants will "[earn] credit at two different rates." (*Brown*, *supra*, 54 Cal.4th at p. 322.) In addition, *Brown* explains that the date of the offense is not relevant for purposes of determining whether to apply the January 25, 2010 amendment to section 4019, since it did not lessen the penalty for particular crime, but "addresse[d] *future conduct* in a custodial setting by providing increased incentives for good behavior." (*Brown*, *supra*, at p. 325.)

Furthermore, the September 28, 2010 and October 1, 2011 amendments to sections 4019 did not completely terminate the conduct credit formulas provided by prior versions of those statutes. In fact, section 4019 expressly contemplates that some prisoners will have their conduct credits calculated under "the prior law." (§ 4019, subd. (h); see *People v. Ellis* (2012) 207 Cal.App.4th 1546, 1553; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 52.)

In sum, since appellant was in local custody for 228 days in 2012, after the January 25, 2010 amendment to section 4019, his conduct credits for that time period

---

[6]     As noted, the September 28, 2010 version of section 4019 cannot be applied to appellant's presentence conduct credits because it applied only to crimes committed after September 28, 2010. Similarly, although the October 1, 2011 amendment to section 4019 became effective before appellant was in local custody for the second time (in 2012), appellant was not eligible to earn presentence conduct credits under that version of the statute because his crimes were committed prior to October 1, 2011. (See § 4019, subd. (h).)

8

should have been calculated at a two-for-two rate. That is, he is entitled to 228 days of conduct credits for that period of time. (See *Payton v. Superior Court* (2011) 202 Cal.App.4th 1187, 1192 [defendant whose crime was committed in 2008 but served time in May of 2011 should have received two-for-two credits under January 25, 2010 version of section 4019].)

*Disposition*

The judgment is modified to award appellant custody credits as follows: From February 27, 2009 until January 24, 2010—332 actual days of custody credit plus 166 days of conduct credit for a total of 498 days of credit.

From January 25, 2010 until February 26, 2010—33 actual days of custody credit plus 32 days of conduct credit for a total of 65 days of credit.

From April 17, 2012 until November 20, 2012—228 actual days of custody plus 228 days of conduct credit for a total of 456 days credit.

The superior court is ordered to amend the abstract of judgment accordingly. As so modified the judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

MÁRQUEZ, J.