[No. C053776. Third Dist. Jan. 30, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD ALLEN BATMAN, Defendant and Appellant.

## COUNSEL

Curt R. Zimansky, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—Defendant Donald Allen Batman pled guilty to four counts of forgery and three counts of identity theft arising out of conduct in September and October of 2004. He received probation and was ordered to pay various fines and penalties, including DNA penalty assessments in the amount of $144. (Gov. Code, § 76104.6.)

On appeal, defendant contends, and the People concede, that the imposition of DNA penalty assessments violates the state and federal constitutional prohibitions against ex post facto laws. We agree and shall modify the judgment accordingly.

## DISCUSSION

Article I, section 10 of the federal Constitution provides in part: "No state shall . . . pass any . . . ex post facto law . . . ." Similarly, article I, section 9 of

our state Constitution provides in part: "A[n] . . . ex post facto law . . . may not be passed." Both the federal and state constitutional provisions are analyzed using federal standards. (*People v. McVickers* (1992) 4 Cal.4th 81, 84 [13 Cal.Rptr.2d 850, 840 P.2d 955].)

■ Therefore, a penalty assessment cannot be imposed without violating the constitutional prohibition of ex post facto laws if (1) the defendant's criminal act preceded its enactment; and (2) the assessment is in fact a penalty. (*Trop v. Dulles* (1958) 356 U.S. 86, 95–96 [2 L.Ed.2d 630, 639–640, 78 S.Ct. 590] [an ex post facto prohibition applies "only to statutes imposing penalties," i.e., punishment].)

The DNA penalty assessment was added by Proposition 69, a measure approved by the voters on November 2, 2004. (See 37A pt. 2 West's Ann. Gov. Code (2005 ed.) foll. § 76104.6, p. 114.) That measure took effect the day after the election, i.e., on November 3. (See Cal. Const., art. II, § 10, subd. (a).) Defendant's crimes, committed on September 19, September 20, and October 10, 2004, preceded enactment of the DNA penalty assessment.

■ Thus, the question is whether the DNA penalty assessment is punitive within the meaning of the ex post facto prohibition. "If the intention of the legislature [or electorate] was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is ' "so punitive either in purpose or effect as to negate [the State's] intention" to deem it "civil." ' [Citations.]" (*Smith v. Doe* (2003) 538 U.S. 84, 92 [155 L.Ed.2d 164, 176, 123 S.Ct. 1140].)

In 2004, the DNA penalty assessment statute stated in pertinent part: "For the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act, there shall be levied an additional penalty of one dollar for every ten dollars ($10) or fraction thereof in each county which *shall be collected together with and in the same manner* as the amounts established by Section 1464 of the Penal Code, *upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . .*" (Gov. Code, § 76104.6, former subd. (a), italics added.)

■ The statute denominates the assessment a penalty: it applies to every criminal fine, penalty, and forfeiture; it is assessed in proportion to the defendant's criminal culpability; and it is to be collected and processed using the same statute that authorizes the state penalty assessment. In addition, the assessment will be used primarily for law enforcement purposes. Its proceeds are to be deposited into the county and state DNA identification funds, which in turn are to be used to comply with the requirements of Penal Code section

298.3 (Gov. Code, § 76104.6, subd. (b)(2), (4)(A)), a provision authorizing the Department of Justice DNA Laboratory to contract with other public and private laboratories to "ensure expeditious and economical processing of offender specimens and samples for inclusion in the FBI's CODIS System and the state's DNA Database and Data Bank Program . . . ." (Pen. Code, § 298.3, subd. (a).)

■ The DNA penalty assessment is similar to the state court facilities construction penalty assessment (Gov. Code, § 70372), which we determined is an ex post facto law for crimes committed prior to its effective date. (See *People v. High* (2004) 119 Cal.App.4th 1192, 1197–1199 [15 Cal.Rptr.3d 148].) Like the construction penalty, the DNA penalty assessment is denominated a "penalty" and is based upon a percentage of any fine, penalty, or forfeiture. In addition, the bulk of the DNA penalty assessment funds will be used to process DNA samples and specimens collected in the future for inclusion in databanks operated by and for the benefit of law enforcement.

The fact that the DNA penalty assessment is punitive is also shown by contrasting it with two other assessments of recent vintage found not to be punitive: (1) the court security fee (Pen. Code, § 1465.8, subd. (a)(1)), which is nonpunitive because it is denominated a "fee," is calculated in rough proportion to court usage, and is imposed on the vast majority of court users, both civil and criminal (*People v. Alford* (2007) 42 Cal.4th 749 [68 Cal.Rptr.3d 310, 171 P.3d 32]); and (2) the criminal justice administration and booking fees (Gov. Code, § 29550.2, subd. (a)), which are nonpunitive user fees primarily because they are designated fees and are limited to the actual administrative costs in booking or otherwise processing those arrested and convicted (*People v. Rivera* (1998) 65 Cal.App.4th 705, 707–712 [76 Cal.Rptr.2d 703]).

■ Unlike the court security fee and the criminal justice administration and booking fee, the DNA penalty assessment is explicitly designated a penalty; it is calculated in direct proportion to other fines, penalties, and forfeitures imposed; it is collected using the same provision for collecting the state penalty assessment; and it will be used primarily for future law enforcement purposes. Thus, it is a punitive ex post facto law with respect to offenses committed prior to its effective date.

■ Accordingly, the DNA penalty assessments imposed in this case must be stricken because defendant committed the qualifying offense prior to the effective date of Government Code section 76104.6.

## DISPOSITION

The judgment is modified by striking the DNA penalty assessments of $144 imposed by the trial court pursuant to Government Code section 76104.6. As modified, the judgment is affirmed.

Sims, Acting P. J., and Nicholson, J., concurred.