Filed 2/26/13  P. v. Jorgenson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>     v.<br><br>JASON SCOTT JORGENSON,<br><br>      Defendant and Appellant. | C070589<br><br>(Super. Ct. No. CM035331) |

Defendant Jason Scott Jorgenson appeals from the judgment entered after he pleaded no contest to committing a lewd act upon a child.  He contends on appeal the court erred in imposing DNA penalty assessments pursuant to Government Code section 76104.7, and asks the abstract of judgment be amended to state the statutory basis for the fines and fees imposed.  The People concede the errors, and we agree with the parties.

Defendant first contends that the DNA penalty assessments imposed pursuant to Government Code section 76104.7 must be stricken.  He is correct.  The DNA penalty

1

assessment was enacted in two parts in November 2004 (Gov. Code, § 76104.6; Prop. 69, § IV.1, eff. Nov. 3, 2004) and July 2006 (Gov. Code, § 76104.7; Stats. 2006, ch. 69, § 18, pp. 1251-1252, eff. July 12, 2006). The first enactment—Government Code section 76104.6—came *before* the crime of which defendant was convicted. The second enactment—Government Code section 76104.7—came *after* defendant's crime. And in *People v. Batman* (2008) 159 Cal.App.4th 587, this court held that a Government Code section 76104.6 penalty assessment "must be stricken because [the] defendant committed the qualifying offense prior to the [statute's] effective date." (*Batman*, at p. 591.) As the People recognize, our reasoning in *Batman* is equally applicable to a penalty assessment imposed under Government Code section 76104.7. At sentencing, the trial court announced it was imposing fines and fees in an aggregate amount "as broken down on . . . page 13 . . . of the probation report." The probation report indicates the trial court imposed two fees under Government Code section 76104.7: one as a component of an aggregate fine of $720, and another as a component of an aggregate fine of $1,080. We will modify the judgment by striking both DNA penalty assessments imposed pursuant to Government Code section 76104.7.

Defendant also contends the trial court erred in failing to separately state the fees, fines, and penalties, or the statutory bases for imposing them. The People concede the error, and we agree.

All fines, fees, and penalties must be stated separately at sentencing, with the statutory basis specified for each; the same is true for the abstract of judgment. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200; see also *People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718 [extending and applying requirements to order of probation].) Here, the trial court separately stated these matters neither at sentencing nor in the abstract of judgment. At sentencing, the trial court purported to incorporate the probation report; the abstract of judgment states only the aggregate fines, i.e., that defendant is ordered to "[p]ay $720 per PC672 [and] [p]ay $1080 per PC [290.3]." These

2

descriptions are not adequate.  "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*High,* at p. 1200.)

## DISPOSITION

The judgment is modified to strike the two DNA penalty assessments imposed pursuant to Government Code section 76104.7.  The trial court is directed to prepare an amended abstract of judgment that omits those assessments and lists the amounts and statutory bases for the remaining components of the fines, fees, and assessments imposed pursuant to Penal Code sections 672 and 290.3, and to delete the reference to Penal Code section 2903 under item 8 and replace it with Penal Code section 290.3.  The trial court is further directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.


                                                            RAYE            , P. J.



We concur:



        NICHOLSON        , J.



        DUARTE          , J.


3