Filed 3/21/13  P. v. Frank CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037578 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC310019) |
| v. | |
| LAWRENCE FRANK, JR., | |
| Defendant and Appellant. | |

Lawrence Frank, Jr. appeals a judgment of conviction that resulted from a no contest plea to carjacking (Pen. Code, § 215).[1]  On appeal, defendant asserts the court erred in calculating the penalty assessment on his fine.  The Attorney General concedes that the court erred in calculating the assessment, but argues that because the amount is deminimus, this court should dismiss the appeal.[2]

### STATEMENT OF THE CASE[3]

As the result of an incident that occurred on April 9, 2003, defendant was charged by information in September 2004 with four counts of second degree robbery

---

[1]  All further unspecified statutory references are to the Penal Code.

[2]  This court denied the Attorney General's motion to dismiss the appeal, and deemed the motion to be the respondent's brief.

[3]  The underlying facts of this case are irrelevant to the issue on appeal.

(§§ 211/212.5, subd. (c); counts 1, 2, 11, 12), two counts of false imprisonment (§§ 236/237; counts 3 and 4), two counts of carjacking (§ 215; counts 5 and 10), two counts of attempted first degree murder of a peace officer (§§ 664, subd. (f)/187, subd. (a); counts 6 and 7), one count of attempted carjacking (§§ 664/215; count 8), and one count of kidnapping (§ 207, subd. (a); count 9).  The information also alleged weapons enhancements as to the charges (§§ 12022, subds. (a)(1), 12022.53, subd. (b)), that he had three prior strike convictions (§§ 667, subds. (b-i), two prior convictions for a serious felonies (§ 667, subd. (a)), and one prior felony conviction for which he served a prison term (§ 667.5, subd. (b)).

As part of negotiated disposition, defendant pleaded no contest to one count of carjacking (§ 215; count 5), and admitted that he personally used a firearm in the commission of that crime (§§ 12022.53, subd. (b)).  Defendant also admitted the three prior strike convictions, the two prior serious felony convictions, and the prison prior. The remaining charges in the information were dismissed.

Prior to sentencing, the court dismissed one of defendant's prior strike convictions pursuant to section 1385, and *People v. Romero* (1996) 13 Cal.4th 497.

### DISCUSSION

Defendant asserts the trial court erred in imposing the penalty assessment addition to his $10 fine.  Specifically, defendant argues the $28.50 penalty assessment was improperly calculated, and should actually be $22.50.

Although the Attorney General argues the appeal should be dismissed because of the deminimus amount at issue, and the fact that defendant failed to raise the issue below, she also concedes the fact that the trial court erred in its calculation of the penalty assessment.[4]

---

[4] The Attorney General disagrees with defendant on what the assessment should be, arguing the proper amount is $23.00, rather than $22.50, as defendant asserts.

2

Defendant's claim on appeal is that the sentence was unlawful under the constitutional prohibition against the imposition of an ex post facto law (Cal. Const., art. I, § 10, cl. 1). As such, he asserts an error of law, and he is not barred by his failure to raise an objection below. "A claim that a sentence is unauthorized may be raised for the first time on appeal, and is subject to correction whenever the error comes to the attention of the reviewing court." (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7.)

The basis of defendant's appeal is that while there are "seven assessments, surcharges, and penalties parasitic to an underlying fine that could increase the fine," (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1374 (*Voit*)), there are three added penalties that went into effect after defendant committed the current offense on April 9, 2003. Specifically, the assessment under Government Code section 76104.6, subdivision (a) that adds 10 percent became effective on November 3, 2004. (Prop. 69, § IV.1), the assessment under Government Code section 76104.7 that subdivision (a) that adds 30 percent became effective on July 12. 2006 (Stats. 2006, c. 69, § 18) and the assessment under Government Code section 76000.5, subdivision (a) that adds 20 percent became effective on January 1, 2007 (Stats. 2006, c. 841, § 1). (*Voit, supra*, 200 Cal.App.4th at p. 1374.) Because these penalties went into effect after he committed his crimes, they may not be applied to his fine under the constitutional prohibition of an ex post facto law. (*People v. Batman* (2008) 159 Cal.App.4th 587, 590.)

Here, based on the date of defendant's crime, and the effective date of the penalty provisions, defendant is subject to a total of 225 percent in assessments, for a total of $22.50. This amount is broken down as follows: 100 percent state penalty assessment pursuant to section 1464, subdivision (a)(1), 20 percent state surcharge pursuant to section 1465.7, 35 percent state courthouse construction penalty reduced from 50 percent pursuant to Government Code sections 70372 and 76000, subdivision (e), and 70 percent

additional penalty pursuant to Government Code section 76000, subdivision (a)(1).  The judgment will be modified accordingly.

## DISPOSITION

The judgment is modified to reduce defendant's total penalty assessment to $22.50.  As modified, the judgment is affirmed.


_____
RUSHING, P.J.



WE CONCUR:




_____
PREMO, J.




_____
ELIA, J.


4