Filed 3/21/13  P. v. Orozco CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO JAVIER OROZCO,<br><br>    Defendant and Appellant. | H037788<br>(Monterey County<br>Super. Ct. No. SS100981) |

Defendant Francisco Javier Orozco appeals after pleading no contest to unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), admitting that the offense was committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1))[1] and admitting that he had a prior strike within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(1)).  He was sentenced to a nine-year prison term.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30–day period has elapsed and we have received no response from defendant.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Defendant's Arrest*

On March 23, 2010, Officer Anthony Parker saw defendant driving a gray Honda Civic. Officer Parker was in uniform, driving a marked patrol car. He turned on his lights and siren to initiate a traffic stop, but defendant did not stop. During the subsequent pursuit, defendant ran stop signs, drove at speeds over the posted speed limits, and crossed the center line. Eventually, defendant's car hit a fence at an apartment complex. He jumped out of the car and ran, but he was apprehended 15 to 20 minutes later.

Defendant was not the owner of the Honda. The vehicle's owner, who did not know defendant, had last seen the Honda the night before and had not been aware the vehicle was gone. Inside the Honda, the police found a key ring with five "shaved keys," which are used to steal cars. The police also found cell phones, CD cases, luggage bags, a bag of tools, and a backpack containing a stereo. These items had been taken during burglaries of a second victim's home and vehicle.

### B.    *Gang Evidence*

Sureños are one of the primary gangs in Monterey County. Sureños identify with the number 13, the letter M, and the color blue. They consider Norteños to be their enemies. The Sureños' primary activities are vehicle theft, homicide, assault, burglary, possession, and evasion. In 2007, a Sureño was convicted of carrying a concealed

---

[2] The factual summary is based on the transcript of the preliminary hearing.

weapon, with a gang enhancement. In 2008, another Sureño was convicted of robbery, with a gang enhancement.

After his arrest, defendant was housed in an "active Sureno pod" at the jail. During a screening, defendant said he was a gang member, that his enemies are Norteños, and that he had no problems in the Sureño pod. Defendant had 12 prior police contacts during which he had admitted being a Sureño gang member, had been in the company of Sureño gang members, or had Sureño gang indicia. Defendant has Sureño tattoos. In 2004, he pleaded guilty to vehicle theft and admitted a gang enhancement.

Officer Parker believed defendant committed his crimes for the benefit of the Sureño gang. Evading an officer allows the gang member to continue committing crimes and gives the gang member the respect of the gang. Stolen vehicles are used by Sureño gang members to commit more crimes. Stolen property can benefit the gang because it can be sold to finance the purchase of firearms or to bail out other gang members.

### C.    Charges, Plea, and Sentence

Defendant was charged, by information, with unlawfully driving or taking a vehicle (count 1; Veh. Code, § 10851, subd. (a)), evading an officer (count 2; Veh. Code, § 2800.2, subd. (a)), possession of burglar's tools (count 3; § 466), receiving stolen property (count 4; § 496, subd. (a)), and hit and run driving (count 5; Veh. Code, § 20002, subd. (a)). The information alleged that counts 1-4 were committed for the benefit of a criminal street gang. (§ 186.22, subds. (b)(1) & (d).) The information further alleged that defendant had a prior conviction of unlawfully driving or taking a vehicle (§ 666.5, subd. (a)), which qualified as a strike (§ 1170.12, subd. (c)(1)), and that he had served a prior prison term (§ 667.5, subd. (b)).

On May 26, 2011, defendant pleaded no contest to unlawfully driving or taking a vehicle (count 1; Veh. Code, § 10851, subd. (a)), admitted that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and admitted

3

that he had a prior strike (§1170.12, subd. (c)(1)). The remaining counts and the section 666.5 allegation were dismissed.

Pursuant to stipulation, the trial court imposed a nine-year prison sentence. It imposed the three-year upper term for the vehicle theft, doubled that to six years under the Three Strikes law, and added a three-year term for the gang allegation. The trial court also ordered defendant to pay a $1,800 restitution fine (§ 1202.4, subd. (b)), a $40 court security fee (former § 1465.8, subd. (a)(1); see Stats. 2011, ch. 10, § 8), a $30 criminal conviction assessment (Gov. Code, § 70373), and stayed a $1,800 parole revocation fine (§ 1202.45).[3]

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

---

[3] The trial court also orally imposed a $4 "vehicle traffic fee." The minutes reflect that the fee was imposed pursuant to Government Code section 76000.10, subdivision (c)(1), which designates it as a "penalty" for any conviction of a Vehicle Code offense. The $4 penalty is not reflected in the abstract of judgment. This penalty did not become effective until January 1, 2011, after defendant committed the vehicle theft. (Stats. 2010, ch. 547, § 2.) We assume that imposition of the penalty would implicate ex post facto concerns and thus that it was properly omitted from the abstract of judgment. (See *People v. Batman* (2008) 159 Cal.App.4th 587, 591 [because DNA penalty assessment imposed under Government Code section 76104.6 is "explicitly designated a penalty," "it is a punitive ex post facto law with respect to offenses committed prior to its effective date"].)

4

**DISPOSITION**

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MÁRQUEZ, J.

5