Filed 11/14/13  P. v. Hyman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MORRIS WILLIAM HYMAN,<br><br>　　　　Defendant and Appellant. | C072264<br><br>(Super. Ct. No. SF11149) |

After he shot his stepson during an argument, defendant Morris William Hyman pled no contest to attempted murder without premeditation, admitted personally using a firearm in the commission of the crime, and was sentenced to prison.

Defendant's sole contention on appeal is that the $400 DNA collection penalty imposed at sentencing pursuant to Government Code[1] section 76104.7 should be reduced to $300 because the penalty was increased after his crime was committed.  The People concede the error.  We agree and modify the judgment to reduce the fine to $300, the amount authorized by statute when defendant committed the offense.

---

[1]　　Further unspecified statutory references are to the Government Code.

1

Based on ex post facto principles, the amount of the penalty is determined as of the date the offense was committed. (See *People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.) This court has held that another DNA penalty assessment, imposed pursuant to section 76104.6, is a punitive ex post facto law with respect to offenses committed prior to its effective date. (*People v. Batman* (2008) 159 Cal.App.4th 587, 591.) The People concede that the issue presented by *Batman* concerning Government Code section 76104.6 is "substantially similar" to the question presented here concerning section 76104.7. We accept the People's concession.

The offense was committed on April 28, 2011. Sentencing took place on October 15, 2012. At the time of the offense, section 76104.7 provided for a penalty assessment of "three dollars ($3) for every ten dollars ($10), or part of ten dollars ($10), . . . upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses . . . ." (Stats. 2009-2010, 8th Ex.Sess., ch. 3, § 1, eff. June 10, 2010.) By the time of his sentencing, section 76104.7 had been amended to increase the penalty amount to four dollars. (Stats. 2012, ch. 32, § 25, eff. June 27, 2012.)

## DISPOSITION

The judgment is modified to reflect a DNA collection penalty pursuant to section 76104.7 in the amount of $300. The trial court is directed to amend the abstract of judgment and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

      ROBIE      , J.

We concur:

      RAYE      , P. J.

      MURRAY      , J.