Filed 7/10/14  P. v. Cota CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040332 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1239992) |
| v. | |
| JAIME COTA, | |
| Defendant and Appellant. | |

Defendant Jaime Cota pleaded no contest to several sex offenses all of which were alleged to have occurred in May 2000.  He was sentenced to a total of five years in prison and ordered to pay various fines and penalties, including a $300 fine, plus penalty assessment pursuant to Penal Code section 290.3, subdivision (a).[1]  On appeal, Cota argues this fine must be reduced because at the time the offenses were committed the fine provided under section 290.3, subdivision (a) was only $200.  He also argues that the corresponding penalty assessment must be recalculated to reflect the lower fine.  The People concede the issues, and we agree the concession is appropriate.

We will therefore modify the judgment to reflect the proper fine and penalty assessment and affirm the judgment as modified.

---

[1] Further unspecified statutory references are to the Penal Code.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**[2]

On May 15, 2000, Santa Clara County Sheriff's deputies responded to a report of a rape.  The victim was a woman in her late 40s who requires a wheelchair to get around.  She lived in a special housing complex and was taking out her garbage one evening when a man approached her from behind.  The man told her to be quiet or he would hurt her.  He directed her to return to her apartment, and he followed, redirecting her wheelchair when she tried to go a different direction.  The man pushed her wheelchair into the apartment, then assaulted her in her bedroom.  She provided a description of the subject to the deputies, and a DNA sample was obtained from a bite mark on the victim's breast.  However, no immediate match was made and no suspect identified.

In March 2011, the Department of Justice notified the Santa Clara County Crime Laboratory that a "DNA CODIS hit"[3] had been made, implicating Cota.  Cota was interviewed by a detective in March 2012, who determined Cota was a maintenance worker at the victim's apartment complex in May 2000.  Cota agreed to provide a DNA sample, which matched the sample taken from the victim, and he was subsequently arrested.

Cota was charged by information with two counts of forcible oral copulation (§ 288a, subd. (c)(2), counts 1 & 3), one count of forcible digital penetration (§ 289, subd. (a)(1), count 2) and one count of attempted forcible rape (§ 664, 261, subd. (a)(2), count 4).  The information further alleged that the forcible oral copulation and digital penetration were committed in the commission of a kidnapping and burglary within the

---

[2] As Cota entered a plea of no contest, we derive the factual background from the probation report and other documents included in the record.

[3] The record does not disclose what the acronym "CODIS" stands for.  On the court's own motion, we take judicial notice of the fact that CODIS is the acronym for the Combined DNA Index System maintained and managed by the Federal Bureau of Investigation (<http://www.fbi.gov/about-us/lab/biometric-analysis/copy_of_codis> [as of July 10, 2014]).

meaning of section 667.61, subdivisions (a) and (d). Cota pleaded no contest to all of the charges in exchange for dismissal of the section 667.61 allegations and an eight-year prison sentence with half-time credits.

After the parties discovered Cota was statutorily ineligible for half-time credits, the stipulated sentence was modified to five years with 15 percent credits. The trial court sentenced Cota to a total of five years in state prison, consisting of the lower term of three years on count 1, consecutive to a two-year term (one-third the middle term) on count 2. Concurrent lower term sentences were imposed on counts 3 and 4. Cota was awarded total credits of 588 days on count 1, but no credits on count 2. The trial court imposed various fines and fees, including a $300 fine, plus penalty assessment, pursuant to section 290.3.[4]

## II.    DISCUSSION

Cota contends that the $300 section 290.3 fine was an ex post facto assessment. He argues the fine must be reduced because the version of the statute in effect when his offenses were committed (2000) provided for a fine of only $200. He also argues that the $510 penalty assessment imposed must be recalculated. We agree.

"Article I, section 10, clause 1 of the federal Constitution and article I, section 9 of the state Constitution prohibit the passage of ex post facto laws. [Citation.] California's ex post facto law is analyzed in the same manner as the federal prohibition. [Citation.] '[T]he ex post facto clauses of the state and federal Constitutions are "aimed at laws that

---

[4] The minute order mistakenly reflects this fine was imposed pursuant to Health and Safety Code section 11350d. This statute is implicated where a defendant is granted probation in a case involving possession of a controlled substance, but Cota was not charged with any such offense nor was he granted probation. The abstract of judgment does not repeat this error, but makes a new one. It mistakenly shows that the fine was imposed pursuant to sections 29800 and 30305. Those statutes do not impose fines; rather, they set forth restrictions relating to firearms and ammunition. Cota was in fact advised at sentencing he was subject to those restrictions, but those statutes are not otherwise relevant to this appeal.

3

'retroactively alter the definition of crimes or increase the punishment for criminal acts.' " ' " (*People v. Alford* (2007) 42 Cal.4th 749, 755.) "Fines arising from convictions are generally considered punishment." (*Id*. at p. 757.) In determining whether a fine or penalty assessment increases the punishment for a criminal act, the court must consider " 'whether the Legislature intended the provision to constitute punishment, and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent.' " (*Id*. at p. 755.) Section 290.3 provides that persons convicted of specified offenses "shall . . . be punished by a fine . . . ." Thus, the fine that section 290.3 imposes is punitive on its face.

Section 290.3 as originally enacted required a $200 fine for a defendant's first conviction and a $300 fine for each subsequent conviction. (Former § 290.3, subd. (a); Stats. 1995, ch. 91, § 121.) The fines were raised to $300 and $500 on September 20, 2006. (Former § 290.3, subd. (a); Stats. 2006, ch. 337, § 18; see Historical and Statutory Notes, 48 West's Ann. Pen. Code (2014 ed.) foll. § 290.3, p. 138.)

It is undisputed that Cota's offenses were committed on May 15, 2000, approximately six years before section 290.3 was amended and the applicable fines were raised to $300 and $500. Thus, imposition of a $300 fine violated the constitutional prohibition against ex post facto punishment. (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249.) The $300 fine must be reduced to $200, the amount statutorily authorized when Cota committed his crimes. (*Ibid*.)

Our discussion of the statutory basis for each penalty assessment references the statute in effect when Cota committed his crimes. (See *People v. Batman* (2008) 159 Cal.App.4th 587, 590-591.) Section 290.3 fines were subject to a 100 percent state penalty assessment ("ten dollars ($10) for every ten dollars ($10) or fraction thereof") under former section 1464. (Former § 1464, subd. (a).) Section 290.3 fines were also subject to county penalty assessments. Subdivision (a) of former Government Code

4

section 76000 imposed a 70 percent ("seven dollars ($7) for every ten dollars ($10) or fraction thereof") penalty assessment. (Former Gov. Code, § 76000, subd. (a).)

When these assessments are recalculated based on a $200 section 290.3 fine, the penalty amounts are $200 under former section 1464, and $140 under former Government Code section 76000 for a total penalty assessment of $340.

To sum up, the judgment must be modified to reflect a section 290.3 fine of $200 and a total of $340 in penalty assessments attached to the section 290.3 fine, specifically, (1) $200 under former section 1464, and (2) $140 under former Government Code section 76000.

## III. DISPOSITION

We modify the judgment as follows: The Penal Code section 290.3 fine is reduced to $200 and the corresponding penalty assessment is reduced to $340. The trial

court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.

_____

Premo, Acting P.J.

WE CONCUR:

_____

Elia, J.

_____

Mihara, J.

6