Filed 2/17/15  P. v. McNeece CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075911 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036384) |
| v. | |
| BRANDON MICHAEL McNEECE, | |
| Defendant and Appellant. | |

Defendant Brandon Michael McNeece appeals the judgment imposed following his convictions for committing a lewd and lascivious act on T. C., a child under the age of 14 years old (count 1), unlawful sexual intercourse with C. R., a minor more than three years younger than defendant (count 2), and meeting C. R., a minor, with the intent to commit a sexual offense (count 3).  He contends his consecutive sentences on counts 2

1

and 3 must be stayed under Penal Code[1] section 654 and the imposition of the Government Code section 76104.7 assessment is an ex post facto violation. The People properly concede both claims. Accordingly, we shall stay the sentence imposed on count 2 and reduce the penalty assessment to $60.

## FACTUAL BACKGROUND

In March 2012, 15-year-old C. R. called defendant and invited him to come over to her house to "hang out and go from there." Defendant was almost 20 years old at the time. He knew C. R. was only 15 years old. Defendant came over to the home when C. R.'s mother and grandmother were out. He admitted the reason he went to the house was to have sex with C. R.

Defendant hung out with C. R. and her sister in C. R.'s bedroom. He said the "F-word" and something about being "horny." Defendant and C. R. kissed and had sexual intercourse while C. R.'s sister, T. C., was in the closet. When T. C. came out of the closet, defendant was naked and his penis was erect. Defendant kissed T. C. and touched her genitals. Defendant asked C. R. to have sex with him again.

T. C. later told her mother what had happened. C. R. told her friend A. L. she had sexual intercourse with defendant.

Upon being interviewed by Detective Miller, defendant admitted he knew C. R. was 15 years old; he had fondled her and suckled her breasts, touched her genitals and she had manually masturbated him to ejaculation. He denied having sex with her.

## PROCEDURAL HISTORY

An information charged defendant with committing a lewd and lascivious act on T. C., a child under the age of 14 years old (count 1), unlawful sexual intercourse with C. R., a minor more than three years younger than defendant (count 2), and meeting

---

[1]   Undesignated statutory references are to the Penal Code.

2

C. R., a minor, with the intent to commit a sexual offense (count 3). A jury found defendant guilty as charged on all counts.

The trial court sentenced defendant to six years on count 1, a consecutive eight months on count 2 and a consecutive one year on count 3. Defendant requested the trial court consider staying count 3, pursuant to section 654, as the "allegation is that he went in to engage in the activity that was engaged in [as to C. R.]." The People argued defendant had sufficient time between the commission of the offenses in count 1 and count 2 to reflect upon his actions. The trial court denied defendant's request without any express findings. The trial court also imposed various fines and fees, including a $200 fine under section 672 and an $80 fee for the DNA identification fund pursuant to Government Code section 76104.7.

## DISCUSSION

### I

### *Application of Section 654*

Defendant contends the trial court erred in imposing consecutive sentences on counts 2 and 3 under section 654, as section 654 bars multiple punishment for convictions arising from an indivisible course of criminal conduct. The People concede the error.

Section 654, subdivision (a) provides, in pertinent part, "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 is intended "to insure that a defendant's punishment is commensurate with his [or her] culpability." (*People v. Perez* (1979) 23 Cal.3d 545, 551.) The statute bars multiple punishment for both a single act that violates more than one criminal statute and multiple acts, where those acts comprise an indivisible course of conduct incident to a single criminal objective and intent. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208; *Neal v.*

3

*State of California* (1960) 55 Cal.2d 11, 19, disapproved on a different point in *People v. Correa* (2012) 54 Cal.4th 331, 340-341.) "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once." (*People v. Harrison* (1989) 48 Cal.3d 321, 335; *Perez*, at pp. 553-554; *People v. Ratcliffe* (1981) 124 Cal.App.3d 808, 817.)

Here, defendant was convicted of meeting a minor with the intent to commit a sexual offense and having unlawful sexual intercourse with that minor. The first offense was committed as the means of committing the second offense, and his intent in meeting C. R. to commit a sexual offense was incidental to his intent in having sexual intercourse with her. Accordingly, section 654 bars multiple punishment for both offenses. (See *People v. Root* (1966) 246 Cal.App.2d 600, 606-607.)

II

*The Penalty Assessment*

Defendant next contends the imposition of a Government Code section 76104.7[2] penalty assessment, at the rate of $4 per $10 of base fine, constituted an ex post facto violation. The People also concede this argument.

The trial court imposed an $850 fine on count 2, which included a $200 fine pursuant to section 672 and an $80 fee for DNA identification fund pursuant to Government Code section 76104.7. At the time of defendant's crime, Government Code section 76104.7 provided for a penalty assessment of $3 for every $10 of base fine. (Stats. 2011, ch. 36, § 16, eff. June 30, 2011.) The assessment was raised to $4 for every $10, effective June 27, 2012. (Stats. 2012, ch. 32, § 25.)

---

**2** The heading in defendant's argument cites Government Code section 76014.6, but his argument cites Government Code section 76104.7. Given the amounts he complains about, we construe his argument to be relative to Government Code section 76104.7.

"[A] penalty assessment cannot be imposed without violating the constitutional prohibition of ex post facto laws if:  (1) the defendant's criminal act preceded its enactment; and (2) the assessment is in fact a penalty."  (*People v. Batman* (2008) 159 Cal.App.4th 587, 590.)  The DNA penalty assessment is explicitly designated a penalty.  (*Id.* at p. 591.)  Accordingly, the DNA penalty assessments imposed in this case must be reduced to $3 for every $10 or $60 on the $200 fine.

DISPOSITION

The judgment is modified to stay the sentence on count 2 pursuant to section 654 and the DNA penalty assessment under Government Code section 76104.7 is reduced from $80 to $60.  As modified, the judgment is affirmed.  The trial court shall forward a certified copy of the new abstract of judgment to the Department of Corrections and Rehabilitation.


       ROBIE       , J.


We concur:


     NICHOLSON   , Acting P. J.


     MURRAY     , J.

5